UNITED STATES DISTRICT COURT
NORTHERN DIVISION OF ILLINOIS

FAHD SALEH,

Plaintiff,

-vs-

HORIZON LINES, LLC, a foreign corporation,

Defendant.
_______________________________/

Case No. 08CV1352
Judge Darrah
Magistrate Judge Mason

GEORGE T. FISHBACK P29763
AMRIA N. AHMED P70338
Attorneys for Plaintiff
1000 Farmer Street
Detroit, Michigan 48226
(313) 965-3464
==================================================================

**FIRST AMENDED**
**COMPLAINT**

NOW COMES Plaintiff FAHD SALEH, by and through his attorneys, SACHS WALDMAN, Professional Corporation, and respectfully represents unto this Honorable Court as follows:

**COUNT I**

1. Plaintiff FAHD SALEH is a resident of the City of Dearborn, County of Wayne and State of Michigan.

2. Defendant, Horizon Lines LLC, is a foreign corporation, conducting continuous and systematic business in the state of Illinois and maintains a sales office at 2895 Greens Point Parkway, Ste. 125, Hoffman Estates, Illinois.

3. That jurisdiction is based upon the Jones Act, 46 USCA Sec. 688, et seq, the Admiralty and General Maritime jurisdiction of this Court, 28 USCA Sec. 13331(1), and an amount in controversy is in excess of Seventy-five Thousand and no/100 ($75,000.00) Dollars, exclusive of costs, interest and attorney fees. Plaintiff has filed suit in this district

to obtain jurisdiction over defendant and it will create a significant hardship if this case is not transferred to the Eastern District of Michigan where plaintiff resides and obtains medical treatment.

4. That at all times relevant hereto, Plaintiff Fahd Saleh was employed with Defendant Horizon Lines LCC as a deck/engine/utility worker (DEU) and was a member of the crew who participated in various duties aboard the marine vessels operated by defendant; as a consequence of the foregoing, Plaintiff is a seaman and enjoys "seaman's status" pursuant to applicable law.

5. On or about March 7, 2005, Plaintiff was working as a member of the crew aboard the "Horizon Trader," owned and operated by defendant, which was returning to the United States from a shipyard in Singapore.

6. That pursuant to "The Jones Act," 46 USCA Section 688, et seq, and to the general admiralty and maritime law, it became and was the duty of Defendant, Horizon Lines, LLC, to provide a seaworthy vessel.

7. On the above date, while in the course and scope of his employment, Plaintiff Fahd Saleh was caused to be painfully injured as a result of the negligence of the defendant, and the unseaworthiness of defendant's vessel, while carrying a heavy, large, piece of steel through a bulkhead door, when he experienced excruciating pain in his low back.

8. Defendant, by its agents, servants and employees, was then and there guilty of one or more of the following negligent acts and/or omissions including, but not limited to:

a) failing to provide a vessel which was safe for those required to work on and around said vessel and to prevent against the unseaworthiness of said vessel;

b) failing to discover, inform and warn those required to be in the area, and Plaintiff Fahd Saleh in particular, of the latent and/or patent defects and/or dangerous conditions then and there existing on said vessel;

c) failing to correct such latent and/or patent defects and/or dangerous conditions which defendant knew, or in the exercise of reasonable care should have known, presented an unreasonable risk of injury to persons on the vessel;

d) failing to provide a safe place to work for those required to be on the vessel;

e) failing to provide an adequate number of men, sufficient to move the steel safely and within an employee's weight limits;

f) failing to hire careful, competent and knowledgeable employees to perform work who knew, or in the exercise of reasonable care should have known, that the field tank cover was extremely weighty and awkward, and required additional men to carry same;

g) failing to properly instruct and supervise the employees it did hire so that those required to work on said vessel would work without being placed in danger of injury;

h) failing to assign plaintiff to work that was within his physical capacity;

i) failing to properly monitor plaintiff's work activities and minimize, reduce or otherwise eliminate unnecessary exposure to recognized risks and hazards of work-related musculo-skeletal disorders;

j) failing to properly instruct and supervise the employees it did hire so that those required to work on said vessel would work without being placed in danger of injury.

9. As a direct result of such negligence, Plaintiff Fahd Saleh sustained great physical pain and mental anguish and extreme shock to the nervous system, to-wit: severe back injuries.

10. As a further result of said occurrence and of said injuries, Plaintiff Fahd Saleh has become liable for and required to expend large sums of money for the receipt of hospital, medical and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will do so in the future; has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings and earning capacity and ability to work and

will remain so in the future.

**WHEREFORE,** Plaintiff Fahd Saleh demands judgment in whatever amount to which he is found to be entitled, together with costs interest and attorney fees.

**COUNT II**

For a Second Count herein, Plaintiff, by and through his aforesaid attorneys, respectfully represent to this Honorable Court as follows:

1-7. Plaintiff repeats and realleges paragraph one (1) through seven (7) of Count I herein, inclusive, as if set forth more specifically herein paragraph by paragraph.

8. That Defendant, as the owner, maintainer, controller and/or operator of the aforementioned vessel, expressly and/or impliedly warranted that its vessel was reasonably seaworthy and was fit for the uses, purposes and misuses either intended, anticipated or reasonably foreseeable, in accordance with the provisions of the general admiralty and maritime law.

9. That more specifically, Defendant expressly and impliedly warranted that its vessel was owned, maintained, controlled and/or operated so as not to subject persons, such as Plaintiff Fahd Saleh, who were working on said vessel, to unreasonable risks of harm and injury and that said defendant breached its warranty as a shipowner to provide a seaworthy vessel reasonably fit for the purposes for which it was intended in accordance with general admiralty and maritime law.

10. That as a direct and proximate result of Defendant's aforementioned breaches of warranties, Plaintiff Fahd Saleh sustained great physical pain and mental anguish and extreme shock to the nervous system, to-wit: severe back injuries.

11. As a further result of said occurrence and of said injuries, Plaintiff Fahd Saleh has become liable for and required to expend large sums of money for the receipt of hospital, medical and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will do so in the future; has been

rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings and earning capacity and ability to work and will remain so in the future.

**WHEREFORE,** Plaintiff Fahd Saleh demands judgment in whatever amount to which he is found to be entitled, together with costs interest and attorney fees.

**COUNT III**

For a Third Count herein, Plaintiff, by and through his aforesaid attorneys, respectfully represent to this Honorable Court as follows:

1-4. Plaintiff repeats and realleges paragraph one (1) through four (4) of Count I herein, inclusive, as if set forth more specifically herein paragraph by paragraph.

5. On or about December 24, 2006, Plaintiff was aboard the “Horizon Enterprise," owned and operated by defendant.

6. That pursuant to "The Jones Act," 46 USC Section 688, et seq, and to the general admiralty and maritime law, it became and was the duty of Defendant Horizon Lines , LLC to provide a seaworthy vessel and furthermore it was the duty of Defendant to make and keep safe the vessel for those working on or around it and Plaintiff Fahd Saleh, in particular.

7. More specifically, on or about December 24, 2006, while in the course and scope of his employment, Plaintiff Fahd Saleh was caused to be painfully injured as a result of the negligence of the defendant and the unseaworthiness of defendant's vessel while he was handling a tugboat line that was running through the chock at the stern of the Horizon Enterprise, aggravating his pre-existing back condition.

8. Defendant, by its agents, servants and employees, was then and there guilty of one or more of the following negligent acts and/or omissions including, but not limited to:

a) failing to provide a vessel which was safe for those required to work on and around said vessel and to prevent against the

unseaworthiness of said vessel;

b) failing to discover, inform and warn those required to be in the area, and Plaintiff Fahd Saleh, in particular, of the latent and/or patent defects and/or dangerous conditions then and there existing;

c) failing to correct such latent and/or patent defects and/or dangerous conditions which defendant knew, or in the exercise of reasonable care should have known, presented an unreasonable risk of injury to employees;

d) failure to provide a safe place to work for those required to be on the vessel;

e) failing to provide an adequate number of men, sufficient to perform the job at hand;

f) failing to assure that work assignments were within the plaintiff's physical capacity.

9. As a direct result of such negligence, Plaintiff Fahd Saleh sustained physical pain, mental anguish and extreme shock to the nervous system, to-wit: severe back injuries and/or an aggravation of a pre-existing back condition.

10. As a further result of said occurrence and of said injuries, Plaintiff Fahd Saleh has become liable for and required to expend large sums of money for the receipt of hospital, medical and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will do so in the future; has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings and earning capacity and ability to work and will remain so in the future.

**WHEREFORE,** Plaintiff Fahd Saleh demands judgment in whatever amount to which he is found to be entitled, together with costs interest and attorney fees.

**COUNT IV**

For a Fourth Count herein, Plaintiff, by and through his aforesaid attorneys, respectfully represent to this Honorable Court as follows:

1-7. Plaintiff repeats and realleges paragraph one (1) through seven (7) of Count

III herein, inclusive, as if set forth more specifically herein paragraph by paragraph.

8. That Defendant Horizon Lines, LLC, as the owner, maintainer, controller and/or operator of the aforementioned vessel, expressly and/or impliedly warranted that its vessel and surrounding environment were reasonably seaworthy and was fit for the uses, purposes and misuses either intended, anticipated or reasonably foreseeable, and that there was proper equipment and a sufficient number of crew to handle the task at hand in accordance with the provisions of the general admiralty and maritime law.

9. That more specifically, Defendant expressly and impliedly warranted that its vessel was owned, maintained, controlled and/or operated so as not to subject persons, such as Plaintiff Fahd Saleh who were working in, on and around said vessel to unreasonable risks of harm and injury and that said defendant breached its warranty as a shipowner to provide a seaworthy vessel reasonably fit for the purposes for which it was intended in accordance with general admiralty and maritime law.

10. That as a direct and proximate result of Defendant's aforementioned breaches of warranties, Plaintiff Fahd Saleh sustained great physical pain, mental anguish and extreme shock to the nervous system, to-wit: a severe back injury and/or an aggravation of a pre-existing back condition.

11. As a further result of said occurrence and of said injuries, Fahd Saleh has become liable for and required to expend large sums of money for the receipt of hospital, medical and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will do so in the future; has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings and earning capacity and ability to work and will remain so in the future.

**WHEREFORE,** Plaintiff Fahd Saleh demands judgment in whatever amount to which he is found to be entitled, together with costs interest and attorney fees.

Respectfully submitted,
SACHS WALDMAN,
Professional Corporation,

***/s/ George T. Fishback***

GEORGE T. FISHBACK (P29763)
AMRIA AHMED (P70338)
Attorneys for Plaintiff
1000 Farmer Street
Detroit, Michigan 48226
(313) 965-3464 Fax (313) 965-4315
gtfishback@sachswaldman.com

Dated: April 7, 2008

UNITED STATES DISTRICT COURT
NORTHERN DIVISION OF ILLINOIS

FAHD SALEH,

Plaintiff,

-vs-

Case No. 08CV1352
Judge Darrah
Magistrate Judge Mason

HORIZON LINES, LLC, a foreign corporation,

Defendant.
______________________________/

GEORGE T. FISHBACK P29763
AMRIA N. AHMED P70338
Attorneys for Plaintiff
1000 Farmer Street
Detroit, Michigan 48226
(313) 965-3464
================================================================

**RELIANCE UPON PREVIOUSLY**
**FILED JURY DEMAND**

NOW COMES Plaintiff, Fahd Saleh, by and through his attorneys, and relies upon the previously filed Jury Demand in the above-entitled cause.

Respectfully submitted,
SACHS WALDMAN,
Professional Corporation,

***/s/ George T. Fishback***
GEORGE T. FISHBACK (P29763)
AMRIA AHMED (P70338)
Attorneys for Plaintiff
1000 Farmer Street
Detroit, Michigan 48226
(313) 965-3464 Fax (313) 965-4315
gtfishback@sachswaldman.com

Dated: April 7, 2008

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 7, 2008, I electronically filed the Clerk's Entry of Default against defendant with the Clerk of the Court using the ECF system which will send notification of such filing all interested parties and that the instant document will be served upon defendant's counsel at their respective addresses:

Warren Marwedel
10 South Riverside Plaza, Suite 720
Chicago, Illinois 60606
tcooper@mmrlaw.com

by First Class Mail.

Respectfully submitted,
SACHS WALDMAN,
Professional Corporation,

***/s/ George T. Fishback***
GEORGE T. FISHBACK (P29763)
AMRIA AHMED (P70338)
Attorneys for Plaintiff
1000 Farmer Street
Detroit, Michigan 48226
(313) 965-3464 Fax (313) 965-4315
gtfishback@sachswaldman.com

Dated: April 7, 2008