IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FAHD SALEH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 1352 |
| | ) | |
| HORIZON LINES, LLC | ) | Judge John W. Darrah |
| a Delaware Limited Liability Company, | ) | |
| | ) | Magistrate Judge Mason |
| Defendant. | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT**

NOW COMES the Defendant, Horizon Lines, LLC, by and through its attorneys, William P. Ryan and Terry L. Welch of Marwedel, Minichello & Reeb, P.C., and for its Answer to Plaintiff's First Amended Complaint, states as follows:

**COUNT I**

1.  Plaintiff FAHD SALEH is a resident of the City of Dearborn, County of Wayne and State of Michigan.

**ANSWER**: Defendant admits that Plaintiff FAHD SALEH is a resident of the City of Dearborn, County of Wayne and State of Michigan.

2.  Defendant, Horizon Lines LLC, is a foreign corporation, conducting continuous and systematic business in the state of Illinois and maintains a sales office at 2895 Greens Point Parkway, Ste. 125, Hoffman Estates, Illinois.

**ANSWER**: Defendant, Horizon Lines LLC, denies that it is a foreign corporation, and states that it is a Delaware Limited Liability Company. Defendant admits that it conducts business in the state of Illinois and maintains a sales office at 2895 Greens Point Parkway, Ste. 125, Hoffman Estates, Illinois.

3.  That jurisdiction is based upon the Jones Act, 46 USCA Sec. 688, et seq., the Admiralty and General Maritime jurisdiction of this Court, 28 USCA Sec. 13331 (1), and an

amount in controversy is in excess of Seventy-five Thousand and no/100 ($75,000.00) Dollars, exclusive of costs, interest and attorney fees. Plaintiff has filed suit in this district to obtain jurisdiction over defendant and it will create a significant hardship if this case is not transferred to the Eastern District of Michigan where plaintiff resides and obtains medical treatment.

**ANSWER**:   Defendant admits that jurisdiction is based upon the Jones Act, 46 USCA Sec. 688, et seq., the Admiralty and General Maritime jurisdiction of this Court, 28 USCA Sec. 13331 (1), and that the amount in controversy exceeds Seventy-five Thousand and no/100 ($75,000.00) Dollars, exclusive of interest and costs.  Defendant denies that it will create a significant hardship on Plaintiff if this case is not transferred to the Eastern District of Michigan, and states that Defendant does not do business in the State of Michigan and there is no personal jurisdiction over Defendant in the State of Michigan.

     4.     That at all times relevant hereto, Plaintiff Fahd Saleh was employed with Defendant Horizon Lines LLC as a deck/engine/utility worker (DEU) and was a member of the crew who participated in various duties aboard the marine vessels operated by defendant; as a consequence of the foregoing. Plaintiff is a seaman and enjoys "seaman's status" pursuant to applicable law.

**ANSWER**:   Defendant admits that Plaintiff Fahd Saleh was employed with Defendant Horizon Lines, LLC as a deck/engine/utility worker (DEU) and was a member of the crew who participated in various duties aboard the marine vessels operated by defendant, and admits that Plaintiff is a seaman.

     5.     On or about March 7, 2005, Plaintiff was working as a member of the crew aboard the "Horizon Trader," owned and operated by defendant, which was returning to the United States from a shipyard in Singapore.

**ANSWER**: Defendant admits that on or about March 7, 2005, Plaintiff was working as a member of the crew aboard the "Horizon Trader," and that the "Horizon Trader" was owned and operated by Defendant, and that the vessel was returning to the United States from Singapore.

6. That pursuant to "The Jones Act," 46 USCA Section 688, et seq., and to the general admiralty and maritime law, it became and was the duty of Defendant, Horizon Lines, LLC, to provide a seaworthy vessel.

**ANSWER**: Defendant admits that it had a duty to provide a seaworthy vessel under the general maritime law. Defendant denies that the Jones Act imposes a duty to provide a seaworthy vessel.

7. On the above date, while in the course and scope of his employment, Plaintiff Fahd Saleh was caused to be painfully injured as a result of the negligence of the defendant, and the unseaworthiness of defendant's vessel, while carrying a heavy, large, piece of steel through a bulkhead door, when he experienced excruciating pain in his low back.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that on March 7, 2005 Plaintiff Fahd Saleh was caused to be injured as a result of the negligence of the defendant, and the unseaworthiness of defendant's vessel, while carrying a heavy, large, piece of steel through a bulkhead door and, therefore, denies those allegations.

8. Defendant, by its agents, servants and employees, was then and there guilty of one or more of the following negligent acts and/or omissions including, but not limited to:

    a) failing to provide a vessel which was safe for those required to work on and around said vessel and to prevent against the unseaworthiness of said vessel;

    b) failing to discover, inform and warn those required to be in the area, and Plaintiff Fahd Saleh in particular, of the latent and/or patent defects and/or dangerous conditions then and there existing on said vessel;

    c)    failing to correct such latent and/or patent defects and/or dangerous conditions which defendant knew, or in the exercise of reasonable care should have known, presented an unreasonable risk of injury to persons on the vessel;

    d)    failing to provide a safe place to work for those required to be on the vessel;

    e)    failing to provide an adequate number of men, sufficient to move the steel safely and within an employee's weight limits;

    f)    failing to hire careful, competent and knowledgeable employees to perform work who knew, or in the exercise of reasonable care should have known, that the field tank cover was extremely weighty and awkward, and required additional men to carry same;

    g)    failing to properly instruct and supervise the employees it did hire so that those required to work on said vessel would work without being placed in danger of injury;

    h)    failing to assign plaintiff to work that was within his physical capacity;

    i)    failing to properly monitor plaintiff's work activities and minimize, reduce or otherwise eliminate unnecessary exposure to recognized risks and hazards of work-related musculo-skeletal disorders;

    j)    failing to properly instruct and supervise the employees it did hire so that those required to work on said vessel would work without being placed in danger of injury.

**ANSWER**:   Defendant denies that it was guilty of any negligent acts and/or omissions and denies that it was guilty of the negligent acts and/or omissions set forth in subparagraphs a through j of paragraph 8.

    9.    As a direct result of such negligence, Plaintiff Fahd Saleh sustained great physical pain and mental anguish and extreme shock to the nervous system, to-wit: severe back injuries.

**ANSWER**:   Defendant denies that Plaintiff Fahd Saleh sustained great physical pain and mental anguish and extreme shock to the nervous system, and a severe back injuries as a result of any alleged negligence by Defendant, and Defendant denies that it was negligent.

    10.    As a further result of said occurrence and of said injuries, Plaintiff Fahd Saleh has become liable for and required to expend large sums of money for the receipt of hospital,

medical and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will do so in the future; has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings and earning capacity and ability to work and will remain so in the future.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was involved in the alleged occurrence and suffered the alleged injuries as a result thereof and that Plaintiff Fahd Saleh has become liable for and expend money for hospital, medical and surgical care and treatment or that he will continue to do so in the future; that Plaintiff has suffered great physical pain and mental anguish and will do so in the future; that Plaintiff has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; and, that Plaintiff has suffered a loss of earnings and earning capacity and ability to work as a result of the alleged occurrence of March 7, 2005 and, therefore, denies those allegations.

**WHEREFORE,** Defendant Horizon Lines, LLC, prays that this Court dismiss Count I of Plaintiff's First Amended Complaint or, in the alternative, that this Court enter judgment in favor of Defendant Horizon Lines, LLC, and against Plaintiff Fahd Saleh on Count I of Plaintiff's First Amended Complaint. Defendant Horizon Lines, LLC, further prays that this Court deny Plaintiff's request for attorney's fees for the reason that attorney's fees are not a recoverable element of damages in this action.

## COUNT II

1-7.     Plaintiff repeats and realleges paragraph one (1) through seven (7) of Count I herein, inclusive, as if set forth more specifically herein paragraph by paragraph.

**ANSWER**: Defendant Plaintiff repeats and realleges paragraphs 1 through 7 of its Answer to Count I of Plaintiff's First Amended Complaint, and incorporates same herein by reference.

8.   That Defendant, as the owner, maintainer, controller and/or operator of the aforementioned vessel, expressly and/or impliedly warranted that its vessel was reasonably seaworthy and was fit for the uses, purposes and misuses either intended, anticipated or reasonably foreseeable, in accordance with the provisions of the general admiralty and maritime law.

**ANSWER**:   Defendant admits that as the owner and operator of the "Horizon Trader" it had a duty to provide a vessel that was seaworthy and reasonably fit for its intended purpose in accordance with the general maritime law. Defendant denies the remaining allegations of paragraph 8.

9.   That more specifically, Defendant expressly and impliedly warranted that its vessel was owned, maintained, controlled and/or operated so as not to subject persons, such as Plaintiff Fahd Saleh, who were working on said vessel, to unreasonable risks of harm and injury and that said defendant breached its warranty as a shipowner to provide a seaworthy vessel reasonably fit for the purposes for which it was intended in accordance with general admiralty and maritime law.

**ANSWER**:   Defendant denies that Defendant breached its warranty as a shipowner to provide a seaworthy vessel that was reasonably fit for its intended purposes in accordance with the general maritime law. Defendant denies the remaining allegations of paragraph 9 as not being an accurate statement of the law.

10.   That as a direct and proximate result of Defendant's aforementioned breaches of warranties, Plaintiff Fahd Saleh sustained great physical pain and mental anguish and extreme shock to the nervous system, to-wit: severe back injuries.

**ANSWER**:   Defendant denies that Plaintiff Fahd Saleh sustained any injuries as a result of any alleged unseaworthy condition of the "Horizon Trader" and denies that the "Horizon

Trader" was unseaworthy or that Defendant breached any duty to provide a seaworthy vessel.

   11.   As a further result of said occurrence and of said injuries, Plaintiff Fahd Saleh has become liable for and required to expend large sums of money for the receipt of hospital, medical and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will do so in the future; has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings and earning capacity and ability to work and will remain so in the future.

**ANSWER**:   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was involved in the alleged occurrence and suffered the alleged injuries as a result thereof and that Plaintiff Fahd Saleh has become liable for and expend money for hospital, medical and surgical care and treatment or that he will continue to do so in the future; that Plaintiff has suffered great physical pain and mental anguish and will do so in the future; that Plaintiff has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; and, that Plaintiff has suffered a loss of earnings and earning capacity and ability to work as a result of the alleged occurrence of March 7, 2005 and, therefore, denies those allegations.

   **WHEREFORE,** Defendant Horizon Lines, LLC, prays that this Court dismiss Count II of Plaintiff's First Amended Complaint or, in the alternative, that this Court enter judgment in favor of Defendant Horizon Lines, LLC, and against Plaintiff Fahd Saleh on Count II of Plaintiff's First Amended Complaint. Defendant Horizon Lines, LLC, further prays that this Court deny Plaintiff's request for attorney's fees for the reason that attorney's fees are not a recoverable element of damages in this action.

## COUNT III

1-4.     Plaintiff repeats and realleges paragraph one (1) through four (4) of Count 1 herein, inclusive, as if set forth more specifically herein paragraph by paragraph.

**ANSWER**:     Defendant Plaintiff repeats and realleges paragraphs 1 through 4 of its Answer to Count I of Plaintiff's First Amended Complaint, and incorporates same herein by reference.

5.     On or about December 24, 2006, Plaintiff was aboard the "Horizon Enterprise," owned and operated by defendant.

**ANSWER**:     Defendant admits that on or about December 24, 2006, Plaintiff was aboard the "Horizon Enterprise," and that the "Horizon Enterprise" was owned and operated by defendant.

6.     That pursuant to "The Jones Act," 46 USC Section 688, et seq., and to the general admiralty and maritime law, it became and was the duty of Defendant Horizon Lines, LLC to provide a seaworthy vessel and furthermore it was the duty of Defendant to make and keep safe the vessel for those working on or around it and Plaintiff Fahd Saleh, in particular.

**ANSWER**:     Defendant admits that it had a duty to provide a seaworthy vessel under the general maritime law.  Defendant denies that the Jones Act imposes a duty on a vessel owner to provide a seaworthy vessel.

7.     More specifically, on or about December 24, 2006, while in the course and scope of his employment, Plaintiff Fahd Saleh was caused to be painfully injured as a result of the negligence of the defendant and the unseaworthiness of defendant's vessel while he was handling a tugboat line that was running through the chock at the stern of the Horizon Enterprise, aggravating his pre-existing back condition.

**ANSWER**:     Defendant admits that on or about December 24, 2006, Plaintiff was acting in the course and scope of his employment and that Plaintiff was handling a hawser line that was running through the chock at the stern of the Horizon Enterprise.  Defendant admits that Plaintiff

Fahd Saleh claims to have suffered an injury on said date. Defendant denies that any alleged injury was the result of any alleged negligence of the Defendant or the alleged unseaworthiness of its vessel, and denies that Defendant was negligent or that its vessel was unseaworthy. Defendant admits that Plaintiff had a pre-existing back condition.

    8.    Defendant, by its agents, servants and employees, was then and there guilty of one or more of the following negligent acts and/or omissions including, but not limited to:

    a) failing to provide a vessel which was safe for those required to work on and around said vessel and to prevent against the unseaworthiness of said vessel;

    b) failing to discover, inform and warn those required to be in the area, and Plaintiff Fahd Saleh, in particular, of the latent and/or patent defects and/or dangerous conditions then and there existing;

    c) failing to correct such latent and/or patent defects and/or dangerous conditions which defendant knew, or in the exercise of reasonable care should have known, presented an unreasonable risk of injury to employees;

    d) failure to provide a safe place to work for those required to be on the vessel;

    e) failing to provide an adequate number of men, sufficient to perform the job at hand;

    f) failing to assure that work assignments were within the plaintiff's physical capacity.

**ANSWER**: Defendant denies that it was guilty of any negligent acts and/or omissions and denies that it was guilty of the negligent acts and/or omissions set forth in subparagraphs a through f of paragraph 8.

    9.    As a direct result of such negligence, Plaintiff Fahd Saleh sustained physical pain, mental anguish and extreme shock to the nervous system, to-wit: severe back injuries and/or an aggravation of a pre-existing back condition.

**ANSWER**: Defendant denies that Plaintiff Fahd Saleh sustained physical pain and mental anguish and extreme shock to the nervous system, or severe back injuries as a result of any alleged negligence by Defendant or any alleged unseaworthiness of its vessel, and Defendant denies that it was negligent or that its vessel was unseaworthy.

10. As a further result of said occurrence and of said injuries, Plaintiff Fahd Saleh has become liable for and required to expend large sums of money for the receipt of hospital, medical and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will do so in the future; has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings and earning capacity and ability to work and will remain so in the future.

**ANSWER**:   Defendant denies that Plaintiff Fahd Saleh has become liable for and expended money for hospital, medical and surgical care and treatment or that he will continue to do so in the future.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff has suffered great physical pain and mental anguish and will do so in the future; or that Plaintiff has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; or that Plaintiff has suffered a loss of earnings and earning capacity and ability to work and will remain so in the future and, therefore, denies those allegations.

**WHEREFORE,** Defendant Horizon Lines, LLC, prays that this Court dismiss Count III of Plaintiff's First Amended Complaint or, in the alternative, that this Court enter judgment in favor of Defendant Horizon Lines, LLC, and against Plaintiff Fahd Saleh on Count III of Plaintiff's First Amended Complaint. Defendant Horizon Lines, LLC, further prays that this Court deny Plaintiff's request for attorney's fees for the reason that attorney's fees are not a recoverable element of damages in this action.

### COUNT IV

1-7. Plaintiff repeats and realleges paragraph one (1) through seven (7) of Count III herein, inclusive, as if set forth more specifically herein paragraph by paragraph.

**ANSWER**:   Defendant Plaintiff repeats and realleges paragraphs 1 through 7 of its Answer to Count III of Plaintiff's First Amended Complaint, and incorporates same herein by reference.

8. That Defendant Horizon Lines, LLC, as the owner, maintainer, controller and/or operator of the aforementioned vessel, expressly and/or impliedly warranted that its vessel and surrounding environment were reasonably seaworthy and was fit for the uses, purposes and misuses either intended, anticipated or reasonably foreseeable, and that there was proper equipment and a sufficient number of crew to handle the task at hand in accordance with the provisions of the general admiralty and maritime law.

**ANSWER**: Defendant admits that as the owner and operator of the "Horizon Trader" it had a duty to provide a vessel that was seaworthy and reasonably fit for its intended purpose in accordance with the general maritime law. Defendant denies the remaining allegations of paragraph 8.

9. That more specifically, Defendant expressly and impliedly warranted that its vessel was owned, maintained, controlled and/or operated so as not to subject persons, such as Plaintiff Fahd Saleh who were working in, on and around said vessel to unreasonable risks of harm and injury and that said defendant breached its warranty as a shipowner to provide a seaworthy vessel reasonably fit for the purposes for which it was intended in accordance with general admiralty and maritime law.

**ANSWER**: Defendant denies that it breached its warranty as a shipowner to provide a seaworthy vessel that was reasonably fit for its intended purposes in accordance with the general maritime law. Defendant denies the remaining allegations of paragraph 9 as not being an accurate statement of the law.

10. That as a direct and proximate result of Defendant's aforementioned breaches of warranties, Plaintiff Fahd Saleh sustained great physical pain, mental anguish and extreme shock to the nervous system, to-wit: a severe back injury and/or an aggravation of a pre-existing back condition.

11

**ANSWER**:    Defendant denies that Plaintiff Fahd Saleh sustained any injuries as a result of any alleged unseaworthy condition of the "Horizon Enterprise" and denies that the "Horizon Enterprise" was unseaworthy or that Defendant breached any duty to provide a seaworthy vessel.

11.    As a further result of said occurrence and of said injuries, Fahd Saleh has become liable for and required to expend large sums of money for the receipt of hospital, medical and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will do so in the future; has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings and earning capacity and ability to work and will remain so in the future.

**ANSWER**:    Defendant denies that Plaintiff Fahd Saleh has become liable for and expend money for hospital, medical and surgical care and treatment or that he will continue to do so in the future.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff has suffered great physical pain and mental anguish and will do so in the future; or that Plaintiff has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; or that Plaintiff has suffered a loss of earnings and earning capacity and ability to work and will remain so in the future and, therefore, denies those allegations.

**WHEREFORE,** Defendant Horizon Lines, LLC, prays that this Court dismiss Count IV of Plaintiff's First Amended Complaint or, in the alternative, that this Court enter judgment in favor of Defendant Horizon Lines, LLC, and against Plaintiff Fahd Saleh on Count IV of Plaintiff's First Amended Complaint. Defendant Horizon Lines, LLC, further prays that this Court deny Plaintiff's request for attorney's fees for the reason that attorney's fees are not a recoverable element of damages in this action.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE - COUNTS I AND II**

In further answer to Counts I and II of Plaintiff's First Amended Complaint, and for its First Affirmative Defense, Defendant Horizon Lines, LLC, states as follows

1. That on March 7, 2005, at the time and place of the occurrence it was the duty of Plaintiff to act with ordinary care under the circumstances and to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

2. That at the aforesaid time and place Plaintiff failed to exercise ordinary care under the circumstances and failed to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances while allegedly carrying a piece of steel.

3. That Plaintiff was guilty of acts or omissions which were the sole proximate cause of his alleged injuries and damages or, in the alternative, Plaintiff was guilty of acts or omissions that caused or contributed to his alleged injuries and damages.

**WHEREFORE**, Defendant Horizon Lines, LLC, prays that in the event of a finding of liability against it on Counts I and II of Plaintiff's First Amended Complaint, any award of damages to Plaintiff be reduced by the proportionate amount of Plaintiff's fault in causing or contributing to cause his own injuries and damages.

**SECOND AFFIRMATIVE DEFENSE - COUNTS I AND II**

In further answer to Counts I and II of Plaintiff's First Amended Complaint, and for its Second Affirmative Defense, Defendant Horizon Lines, LLC, states as follows

That the injuries allegedly sustained by Plaintiff on March 7, 2005 were caused, in whole or in part, by the negligence of third parties over whom Defendant Horizon Lines, LLC had no control or, in the alternative, the sole proximate cause of the injuries allegedly

sustained by Plaintiff on March 7, 2005 was the negligence of third parties over whom Defendant Horizon Lines, LLC had no control.

**WHEREFORE**, Defendant Horizon Lines, LLC, prays that this Court dismiss Counts I and II of Plaintiff's First Amended Complaint or, in the alternative, that this Court enter judgment in favor of Defendant Horizon Lines, LLC, and against Plaintiff Fahd Saleh on Counts I and II of Plaintiff's First Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE - COUNTS I AND II

In further answer to Counts I and II of Plaintiff's First Amended Complaint, and for its Third Affirmative Defense, Defendant Horizon Lines, LLC, states as follows

1. That on March 7, 2005, at the time and place of the occurrence it was the duty of Plaintiff to act with ordinary care under the circumstances and to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

2. That at the aforesaid time and place Plaintiff failed to exercise ordinary care under the circumstances in that he knowingly encountered an open and obvious condition.

3. That Plaintiff's actions in encountering an open and obvious condition were the sole proximate cause of his alleged injuries and damages or, in the alternative, Plaintiff's actions caused or contributed to his alleged injuries and damages.

**WHEREFORE**, Defendant Horizon Lines, LLC, prays that this Court dismiss Counts I and II of Plaintiff's First Amended Complaint or, in the alternative, that this Court enter judgment in favor of Defendant Horizon Lines, LLC, and against Plaintiff Fahd Saleh on Counts I and II of Plaintiff's First Amended Complaint or, in the alternative, that in the event of a finding of liability against it on Counts I and II of Plaintiff's First Amended Complaint, any award of damages to Plaintiff be reduced by the proportionate amount of Plaintiff's fault in causing or contributing to cause his own injuries and damages.

**FOURTH AFFIRMATIVE DEFENSE - COUNTS III AND IV**

In further answer to Counts III and IV of Plaintiff's First Amended Complaint, and for its Fourth Affirmative Defense, Defendant Horizon Lines, LLC, states as follows

1. That on December 24, 2006, at the time and place of the occurrence it was the duty of Plaintiff to act with ordinary care under the circumstances and to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

2. That at the aforesaid time and place Plaintiff failed to exercise ordinary care under the circumstances and failed to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances while assisting in the handling of a hawser line at the stern of the Horizon Enterprise.

3. That Plaintiff was guilty of acts or omissions which were the sole proximate cause of his alleged injuries and damages or, in the alternative, Plaintiff was guilty of acts or omissions that caused or contributed to his alleged injuries and damages.

**WHEREFORE**, Defendant Horizon Lines, LLC, prays that in the event of a finding of liability against it on Counts III and IV of Plaintiff's First Amended Complaint, any award of damages to Plaintiff be reduced by the proportionate amount of Plaintiff's fault in causing or contributing to cause his own injuries and damages.

**FIFTH AFFIRMATIVE DEFENSE - COUNTS III AND IV**

In further answer to Counts III and IV of Plaintiff's First Amended Complaint, and for its Fifth Affirmative Defense, Defendant Horizon Lines, LLC, states as follows

That the injuries allegedly sustained by Plaintiff on December 24, 2006 were caused, in whole or in part, by the negligence of third parties over whom Defendant Horizon Lines, LLC had no control or, in the alternative, the sole proximate cause of the injuries allegedly sustained by Plaintiff on December 24, 2006 was the negligence of third parties over whom Defendant Horizon Lines, LLC had no control.

WHEREFORE, Defendant Horizon Lines, LLC, prays that this Court dismiss Counts III and IV of Plaintiff's First Amended Complaint or, in the alternative, that this Court enter judgment in favor of Defendant Horizon Lines, LLC, and against Plaintiff Fahd Saleh on Counts III and IV of Plaintiff's First Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE - COUNTS III AND IV

In further answer to Counts III and IV of Plaintiff's First Amended Complaint, and for its Sixth Affirmative Defense, Defendant Horizon Lines, LLC, states as follows

1.  That on December 24, 2006, at the time and place of the occurrence it was the duty of Plaintiff to act with ordinary care under the circumstances and to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

2.  That at the aforesaid time and place Plaintiff failed to exercise ordinary care under the circumstances in that he knowingly encountered an open and obvious condition.

3.  That Plaintiff's actions in encountering an open and obvious condition were the sole proximate cause of his alleged injuries and damages or, in the alternative, Plaintiff's actions caused or contributed to his alleged injuries and damages.

WHEREFORE, Defendant Horizon Lines, LLC, prays that this Court dismiss Counts III and IV of Plaintiff's First Amended Complaint or, in the alternative, that this Court enter judgment in favor of Defendant Horizon Lines, LLC, and against Plaintiff Fahd Saleh on Counts III and IV of Plaintiff's First Amended Complaint or, in the alternative, that in the event of a finding of liability against it on Counts III and IV of Plaintiff's First Amended Complaint, any award of damages to Plaintiff be reduced by the proportionate amount of Plaintiff's fault in causing or contributing to cause his own injuries and damages.

### SEVENTH AFFIRMATIVE DEFENSE – COUNTS I, II, III AND IV

In further answer to Plaintiff's First Amended Complaint, and for its Seventh Affirmative Defense Defendant Horizon Lines, LLC, states as follows:

The injuries and damages allegedly sustained by Plaintiff on March 7, 2005 and December 24, 2006, were not due to any fault or negligence of Defendant Horizon Lines, LLC, or any unseaworthy condition of its vessels, but were due to pre-existing conditions suffered by Plaintiff and/or the inevitable worsening of pre-existing conditions suffered by Plaintiff.

**WHEREFORE**, Defendant Horizon Lines, LLC, prays that prays that this Court dismiss Counts I, II, III and IV of Plaintiff's First Amended Complaint or, in the alternative, that this Court enter judgment in favor of Defendant Horizon Lines, LLC, and against Plaintiff Fahd Saleh on Counts I, II, III and IV of Plaintiff's First Amended Complaint or, in the alternative, that an apportionments of damages be made based on Plaintiff's pre-existing condition.

### EIGHTH AFFIRMATIVE DEFENSE – COUNTS I, II, III AND IV

In further answer to Plaintiff's First Amended Complaint, and for its Eighth Affirmative Defense Defendant Horizon Lines, LLC, states the following:

1. That during the course of Plaintiff's recovery from his alleged injuries Defendant Horizon Lines, LLC made certain payments to Plaintiff, including, but not limited to, payments of medical expenses and maintenance.

2. Defendant Horizon Lines, LLC is entitled to a set-off against any amount awarded to Plaintiff for the amount of the aforementioned payments.

**WHEREFORE**, Defendant Horizon Lines, LLC, prays that in the event of a recovery by Plaintiff on Counts I, II, II, and/or IV that Defendant Horizon Lines, LLC receive a set-off against any award to Plaintiff equal to the amount of payments made to Plaintiff by Defendant Horizon Lines, LLC.

**NINTH AFFIRMATIVE DEFENSE - COUNTS I, II, II AND IV**

In further answer to Plaintiff's First Amended Complaint, and for its Ninth Affirmative Defense Defendant Horizon Lines, LLC, states as follows:

1.　At all times relevant hereto, Plaintiff had a duty to mitigate his damages by seeking competent and adequate medical care and treatment and taking reasonable methods to return to his employment or to seek alternative employment.

2.　Plaintiff failed to mitigate his damages by failing to seek competent and adequate medical care and treatment.

3.　Plaintiff failed to mitigate his damages by failing to take reasonable methods to return to his employment or to seek alternative employment.

**WHEREFORE**, Defendant Horizon Lines, LLC, prays that in the event of a finding of liability against it, any award of damages to Plaintiff be reduced because of Plaintiff's failure to mitigate damages.

HORIZON LINES, LLC

/s William P. Ryan
One of Its Attorneys

William P. Ryan, 6183496
Terry L. Welch, 6276154
MARWEDEL, MINICHELLO & REEB, P.C.
Attorneys for Horizon Lines, LLC
10 South Riverside, Suite 720
Chicago, IL  60606
312/902-1600
21634001.ans

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, states that the foregoing Answer to First Amended Complaint was filed electronically through the CM/ECF System of the U.S. District Court for the Northern District of Illinois.  Said Answer to First Amended Complaint is hereby served on George T. Fishback and Amria N. Ahmed of Sachs Waldman, P.C., electronically, this 28th day of April, 2008.

                                              s/ William P. Ryan